HERBERT M. MOSS, ELIZABETH PHILLIPS and R. WELLS CAMPBELL, constituting the DELAWARE STATE BOARD OF EXAMINERS IN OPTOMETRY,

Appellants

and

DELAWARE OPTOMETRIC ASSOCIATION, a corporation of the State of Delaware,

Appellee,

*vs.*

EDWIN P. J. KUHWALD,
Appellee.

*Supreme Court on Appeal, May 1, 1959.*

*Max S. Bell, Jr.,* Deputy Atty. Gen., for appellants.

*Henry A. Wise, Jr.,* Wilmington, for Edwin P. J. Kuhwald, appellee.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

WOLCOTT, Justice: ▇ This is an appeal from a judgment of the Vice-Chancellor dismissing the complaint below. The complaint was

filed by the Delaware Optometric Association, a non-profit corporation, the members of which are some, but not all, of the licensed optometrists of Delaware, and three optometrists who constitute the Delaware State Board of Examiners in Optometry created by 24 Del.C. § 2102, seeking to enjoin the defendant, not licensed as an optometrist, from practicing optometry.

The defendant moved for summary judgment and to dismiss for the failure to state a cause of action. The complaint was dismissed upon the technical ground that an action to enjoin a public nuisance must be at the suit of the Attorney General, whose office actually appeared for the plaintiffs constituting the Board of Examiners in Optometry. From the order of dismissal, the Board of Examiners in Optometry has appealed.

It appears from the record that pursuant to a doctor's prescription the defendant, an optician, made a mold of a customer's eyes and, thereafter, ground contact lenses and fitted them to the customer's eyes. It is charged that this was a violation of 24 *Del.C.* § 2101(a), (3), which defines the practice of optometry, *inter alia,* as "the prescribing and application of * * * contact lenses * * * for * * * the human eyes * * *." 24 *Del.C.* § 2106 prohibits the practice of optometry by anyone unless he shall first have obtained a certificate of registration from the Board of Examiners in Optometry, and makes such unauthorized practice of optometry a criminal offense. 24 *Del.C.* § 2119 directs the Attorney General to prosecute the final judgment any offense under the Delaware Optometry Law which is called to his attention.

While, technically, the precise point before us is the very narrow one as to the proper party plaintiff, the case has been argued upon the broader issue of the jurisdiction of the Court of Chancery to enjoin the illegal practice of optometry.

Initially, it should be noted that the Attorney General concedes that the record does not establish the commission by the defendant of a public nuisance endangering the health or safety of the public. As to such, even though the acts constitute a crime, it has been held that upon suit by the Attorney General the Court of Chan-

cery has jurisdiction to enjoin the further commission of the public nuisance. *Harlan & Hollingsworth v. Paschall*, 5 *Del.Ch.* 435; *Attorney General v. Doremus*, 11 *Del.Ch.* 277, 101 *A.* 868. It has also been held that a municipal corporation may maintain a bill to abate a nuisance on the ground that its governmental functions make it an arm of the state. *Town of Seaford v. Eastern Shore Public Service Co.*, 22 *Del.Ch.* 1, 191 *A.* 892.

The argument on behalf of the Board is that 24 *Del.C.* § 2104, which confers upon the Board of Examiners in Optometry authority to make rules and regulations expedient for the effective enforcement of the law, amounts to a delegation to such Board of authority to proceed in Chancery to enjoin a violation of the Optometry Law. The defendant, however, argues that this case is controlled by our decision in *Delaware Optometric Corp. v. Sherwood*, 36 *Del.Ch.* 223, 128 *A.2d* 812. That case was a suit by licensed optometrists to enjoin the practice of optometry by unlicensed persons upon the theory that an optometry license was a property right which could be protected by injunction.

The Board seeks to distinguish the present appeal from the Sherwood case on the ground that these plaintiffs are not seeking to enforce a property right but are seeking to enforce the provision of the Optometry Law which, by § 2104, they are charged with doing. In our opinion, however, this case does not materially differ from the Sherwood case. The power conferred upon the Board by § 2104 clearly relates to the enforcement by the Board of the many provisions regarding the examining and licensing of applicants for a license as an optometrist. It does not make the Board of Examiners the enforcement agency for the law. The Delaware Optometry Law was enacted, theoretically at least, for the protection of the health of the general public and for its enforcement the General Assembly provided criminal sanctions. We recognized this specifically in the Sherwood case [128 *A.2d* 814] when we said, "The remedy for enforcement of the statute lies in the criminal courts."

In the present appeal the Board seems to regard the Sherwood holding as not controlling because the precise point of the right of the

Board to enjoin the complained of acts as an exercise of its authority under § 2104 was not before us. It is technically correct that we did not have before us in the Sherwood case this precise question but, nevertheless, we consider that case controlling of the question now before us. We thought then, and think now, that the remedy of prosecution for crime by the Attorney General for violations of the Optometry Law is the sole enforcement remedy provided by the General Assembly.

It follows, therefore, that the Delaware Optometry Law does not confer upon the Court of Chancery authority at the suit of the Board of Examiners in Optometry to enforce the Optometry Law by enjoining its violation. We hold that the enforcement remedies of the Optometry Law lie wholly within the criminal courts. If repeated violations of the law constitute a public nuisance endangering the public health or safety, it may be abated at the suit of the Attorney General, but we do not understand this right to be dependent necessarily on the Optometry Law.

For the foregoing reasons the judgment below is affirmed.